UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-23368-CIV-MOORE/GARBER

MICHELINE FRANCOIS, et al.,

        Plaintiffs,

v.

WASHMONBO, INC. d/b/a FRONT
PORCH CAFÉ,

        Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court on Defendant's Motion for Rule 35 Mental Examination (D.E. #32) and Defendant's Motion to Compel (D.E. #42), upon Order of Reference from the Honorable K. Michael Moore, United States District Judge. For the reasons set forth below, the Court GRANTS Defendant's Motion for Rule 35 Mental Examination and DENIES Defendant's Motion to Compel.

This is a Title VII action in which the three remaining Plaintiffs, all of whom formerly worked for Defendant, allege that they suffered sexual harassment when they worked for Defendant.[1]

---

[1] Defendant has represented in at least two documents that Plaintiffs have also alleged sexual harassment in violation of the Florida Civil Rights Act, *i.e.* not only in violation of Title VII. *See* D.E. #32 (Defendant's Motion for Rule 35 Mental Examination), at 1; D.E. #35 (Defendant's Motion for Summary Judgment), at 1-2, 5, 8, 24. It does not appear, however, that Plaintiffs have attempted to assert Florida Civil Rights Act claims in their First Amended Complaint, D.E. #6, and in fact, although Plaintiffs responded to Defendant's assertions that Defendant is entitled to summary judgment as to Plaintiffs' Title VII claims, Plaintiffs did not respond to Defendant's assertions that Defendant is entitled to summary judgment as to Plaintiffs' purported Florida Civil Rights Act claims, *see* D.E. #35 (Motion for Summary Judgment), at 1-2, 5, 8, 24; D.E. #44 (Plaintiffs' Response Memorandum in Opposition to Defendant's Motion for Summary Judgment).

    It therefore appears that Plaintiffs did not raise or attempt to raise any Florida Civil Rights

There originally were four Plaintiffs in this action, but the parties stipulated to the dismissal without prejudice of former Plaintiff Angel Mesignor's claim against Defendant, *see* D.E. #22, and based on that stipulation Judge Moore voluntarily dismissed this action without prejudice as to former Plaintiff Angel Mesignor, *see* D.E. #23.

Trial is scheduled for May 28, 2007, and the discovery deadline was seventy days before commencement of trial, *i.e.* March 19, 2007.[2] *See* D.E. #28 (Amended Scheduling Order Setting Pretrial Conference and Trial Date). Plaintiffs filed a Motion in which they requested an extension of the discovery deadline only with regards to two depositions which the parties had agreed would take place on April 10, 2007, *see* D.E. ##38, 39, and Judge Moore granted that Motion, *see* D.E. #40. Judge Moore therefore extended the discovery deadline to April 10, 2007, *solely as to those two depositions*. The parties never requested an enlargement of time to conduct any discovery apart from those two depositions after the March 19, 2007, discovery deadline, and the Court has never given the parties leave to conduct any discovery apart from those two depositions after the March 19, 2007, discovery deadline.

---

Act claims, and that if they did raise or attempt to raise such claims, they have now abandoned those claims.
   For purposes of this Order, however, it is irrelevant whether Plaintiffs have raised or attempted to raise any Florida Civil Rights Act claims.

   [2] In Plaintiffs' Motion in which they requested an extension of the discovery deadline with regards to two depositions, Plaintiff represented that "[p]ursuant to the Court's Scheduling Order, the discovery cut-off date was Monday, March 26, 2007." D.E. #38, at 1 ¶1, D.E. #39, at 1 ¶1. It appears that Plaintiffs are incorrect and that the discovery deadline actually was March 19, 2007, not March 26, 2007, but that potential miscalculation has no effect on the Court's conclusions in this Order, and the Court would reach the same conclusions even if the discovery deadline had been March 19, 2007.

In Defendant's Motion for Rule 35 Mental Examination, they contend that Plaintiffs should be required to undergo a psychological examination pursuant to Federal Rule of Civil Procedure 35 because Plaintiffs have placed their mental conditions in controversy by alleging that they suffered mental and emotional distress as a result of Defendant's alleged Title VII violations.  *See* D.E. #32. Rule 35 provides in relevant part:

> (**a**) **Order for Examination.** When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a).

Defendant filed its Motion for Rule 35 Examination on March 15, 2007, and served that Motion on Plaintiffs' counsel that same day.  Plaintiffs' response to the Motion therefore was due on March 29, 2007.  *See* Local Rule 7.1.C.  Despite the fact that Plaintiffs' response was due more than five weeks ago, Plaintiffs have failed to file a response; a motion for enlargement of time to respond; or any other document (a) referencing the Motion, (b) suggesting either that they oppose the Motion, or (c) suggesting any reason why the Court should deny the Motion.  The Court concludes that Plaintiffs' failure in that regard constitutes "sufficient cause for granting the motion by default."  Local Rule 7.1.C.[3]

---

[3] Even if the Court did not grant the Motion by default pursuant to Local Rule 7.1.C, Defendant has demonstrated that Plaintiffs placed their mental condition in controversy, and Defendant has demonstrated "good cause . . . ," Fed. R. Civ. P. 35(a), why the Court should require Plaintiffs to submit to the requested examinations, and therefore the Court would grant Defendant's Motion upon consideration of the Motion's merits pursuant to Rule 35(a).

The Court therefore directs that on or before May 14, 2007, or at a later date on which the parties agree <u>and which will not require a continuance of the pretrial conference or trial of this action</u>, and at a time mutually convenient to the parties in this action,[4] each Plaintiff shall submit to a psychological/mental health examination to be conducted by board certified psychologist Nancy Bacher, Ph.D., at 2875 NE 191 Street, Aventura, FL 33180.  The examination of each Plaintiff shall be limited to issues relevant to Defendant's alleged liability and Plaintiffs' alleged damages,[5] and the examination of <u>each</u> Plaintiff shall not exceed five (5) hours absent prior authorization by the Court.  (In other words, the three examinations may take a total of up to fifteen (15) hours combined, but not more than five (5) hours per Plaintiff.)   Plaintiffs are directed to cooperate with the examinations, and if they do not cooperate fully and  if that lack of cooperation results in an inability

---

[4] In light of Plaintiffs' failure to file any response to Defendant's Motion for Rule 35 Mental Examination, the fact that Plaintiffs have clearly placed their mental conditions in controversy, and the fact that those examinations will take place very near the dates of the pretrial conference and trial, the Court will take very seriously any failure by either party, but particularly Plaintiffs, not to cooperate regarding scheduling of these examinations.  If either party fails to cooperate in an effort to schedule mutually convenient times and dates for those examinations, and particularly if such a failure makes it difficult for the Court to conduct the trial on the scheduled date, the Court will not hesitate to impose or recommend that Judge Moore impose any sanctions which might be warranted, including but not limited to financial sanctions and/or dismissal of this action.

[5] In light of Plaintiffs' failure to file any response to Defendant's Motion for Rule 35 Mental Examination, the fact that Plaintiffs have clearly placed their mental conditions in controversy, and the fact that those examinations will take place very near the dates of the pretrial conference and trial, Plaintiffs should keep in mind the broad definition of "relevance" if they plan to object to any portion of the examination or refuse to participate in any portion of the examination.  If Plaintiffs make objections which clearly lack merit or fail to participate in portions of the examinations for reasons which clearly lack merit, and particularly if those objections or failures to participate make it difficult for the Court to conduct the trial on the scheduled date, the Court will not hesitate to impose or recommend that Judge Moore impose any sanctions which might be warranted, including but not limited to financial sanctions and/or dismissal of this action.

to complete the examinations or results in unnecessary difficulty in completing the examinations, then the Court will consider the imposition of, or will consider recommending that Judge Moore impose, any warranted sanctions, including but not limited to financial sanctions and/or dismissal of this action.

In Defendant's Motion to Compel, Defendant seeks an Order requiring Plaintiff Micheline Francois to produce her medical records. *See* D.E. #42, at 1-2. Defendant represents that it requested the medical records in a Request for Production, to which Plaintiff Francois responded that although she objected to production of the records, she would produce them to Defendant. *See id.* at 1-2. Defendant also represents that Defendant's counsel thereafter "reminded Plaintiffs' counsel repeatedly to provide the requested documents . . . ," that Defendant made its most recent request on March 15, 2007, and that Plaintiff Francois and her counsel ignored each request. *Id.* at 1-2. Defendant also submitted evidence, in the form of a letter from Defendant's counsel to Plaintiffs' counsel, that at least as early as March 8, 2007, eleven days before the discovery deadline, Defendant's counsel was aware that Plaintiffs' counsel had failed to provide the medical records. *See* D.E. #42-2 (March 8, 2007, letter). In that same letter, Defendant's counsel actually made a specific reference "to the cut-off of discovery . . . ," *id.*, albeit in the context of another, related matter (the continuation of Plaintiff Francois's deposition).

Despite the fact that Defendant was aware of Plaintiff Francois's alleged failure to provide the requested documents at least eleven days prior to the discovery deadline, Defendant did not file its Motion to Compel production of those documents until eighteen days after the discovery deadline, and Defendant did not move for leave to extend the discovery deadline for that purpose (despite the fact that the parties received an extension of the discovery deadline to April 10 solely for the purpose

of taking two depositions, thereby implying that the parties understood the importance of receiving authorization from the Court to extend the discovery deadline) or otherwise seek leave of Court to file the untimely Motion to Compel. Additionally, Defendant has not stated any reason which would demonstrate good cause for that failure. The undersigned will not alter the discovery deadline or trial schedule that Judge Moore has established, particularly in light of the circumstances detailed *supra*, and therefore the Court will deny Defendant's Motion to Compel.

Accordingly, it is ORDERED that:

(1) Defendant's Motion for Rule 35 Mental Examination (D.E. #32) is GRANTED, and

(2) Defendant's Motion to Compel (D.E. #42) is DENIED.

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 4th day of May, 2007.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies supplied to:
United States District Judge James K. Michael Moore
Counsel of record