UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-23368-CIV-MOORE/SIMONTON

MICHELINE FRANCOIS, et al.,

    Plaintiffs,

v.

WASHMONBO, INC.,
d/b/a FRONT PORCH CAFÉ,

    Defendant.
_____/

## ORDER

Presently pending before the Court is the Application for Issuance of Writ of Garnishment and Appointment of Special Process Server (DE # 96), filed by Defendant on June 2, 2008. This motion was referred to the undersigned Magistrate Judge to take all necessary and appropriate action (DE # 97). Although writs of garnishment may be issued on an *ex parte* basis, the undersigned notes that this Application was served via CM/ECF on counsel for Plaintiff; the deadline for filing a response in opposition was June 19, 2008, and no opposition was filed. Based upon a review of the record as a whole, it is **ORDERED** that Defendant's Application be **GRANTED**.

    I.    BACKGROUND

This post-judgment motion arises from a lawsuit in which Plaintiff Micheline Francois and others sued their employer alleging that they were subjected to a sexually hostile work environment, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, *et. seq.* (DE # 6).

On December 12, 2007, following a jury verdict in Defendant's favor, the Court issued a judgment awarding Defendant $5,307.31 in fees and costs as the prevailing

party under 28 U.S.C. § 1920, to be assessed jointly and severally among the plaintiffs (DE # 94).[1]  Based on its assertion that Ms. Francois has no personal property with which to pay the judgment, Defendant has requested that this Court enter a continuing writ of garnishment against her wages from her employer, Fisher Island Club, Inc., for the value of the $5,307.31 cost judgment as well as interest accruing at a rate of 3.16% per year from the date the judgment was issued.[2]

II.     ANALYSIS

Under Florida law, "[e]very person or entity who . . . has recovered judgment in any court against any person or entity has a right to a writ of garnishment." Fla. Stat. § 77.01.  Thus, having obtained a final judgment against Ms. Francois, Defendant is entitled to a writ of garnishment and it is not necessary to hold a hearing or provide notice prior to issuing the writ.  *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 712-13 (Fla. 1978); *First Union Nat'l Bank of Fla. v. Knyal*, 874 So. 2d 716, 717 (Fla. 4th DCA 2004).

Motions for writs of garnishment to satisfy a final judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69; *accord Communications Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31UAM, 2008 WL 114920, at *1 (M.D. Fla. Jan. 8, 2008).  The requirements for issuing a writ of continuing garnishment under Florida law are

---

[1] The total consists of $521.00 for service of summons and subpoenas; $3,031.10 for transcripts; $450.00 for witness fees; $600.74 for blowing up exhibits; and $704.47 for three sets of trial exhibits (DE # 94).

[2] "Florida courts have interpreted the garnishment provisions to include garnishment of post-judgment interest." *Communications Ctr. v. Komatsu*, No. 6:05-cv-1254-Orl-31UAM, 2008 WL 114920, at * 1 (M.D. Fla. Jan. 8, 2008) (citing *First Union Nat'l Bank of Fla. v. Knyal*, 874 So. 2d 716, 717 (Fla. 4th DCA 2004)).

governed by statute.  See Fla. Stat. § 77.01, *et seq.*; *Komatsu*, *supra*.

    A.    <u>Continuing Writ of Garnishment Against Salary or Wages</u>

Pursuant to Fla. Stat. § 77.0305,

> if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order.

The Florida Rules of Civil Procedure include a form for an ordinary Writ of Garnishment and a separate form for a Continuing Writ of Garnishment Against Salary or Wages.  Fla. R. Civ. P. Form 1.907(a)-(b).  Defendant attached a proposed writ that incorporates elements of both the Writ of Garnishment Form and the Continuing Writ of Garnishment Form.

    Specifically, consistent with the Continuing Writ of Garnishment Form found in the Florida Rules, Defendant's proposed writ advises the garnishee, Fisher Island Club, of its obligation to answer the writ within 20 days; asks Fisher Island Club to specify Ms. Francois' payment period (i.e., weekly, bi-weekly, monthly, etc.) and the amount of her salary; directs the garnishee to withhold portions of Ms. Francois' salary; and sets forth the method of calculating the appropriate amount to withhold in order to satisfy the judgment and any administrative costs.  In addition to these items, however, Defendant's proposed writ also seeks the information typically requested in a regular writ of garnishment: It asks Fisher Island Club to identify the date of her termination if she no longer works there; whether Fisher Island Club is in possession of any of Ms. Francois' personal property; and, whether Fisher Island Club is aware of any other person indebted to Ms. Francois or may possess any of her personal property (DE # 96, Exh. 1). The undersigned finds that it is appropriate to issue the writ to garnish wages and to

recover other property.

  B.  <u>Service of Process</u>

  Defendant has requested that this Court specially appoint Countrywide Process Server, 12250 SW 132 Ct., Miami, Florida, to serve the writ in this case.  Federal law governs who may serve a writ of garnishment.  *See* Fed. R. Civ. P. 69(a)(1) ("The procedure . . . in proceedings supplementary to and in aid of judgment . . . must accord with the procedure of the state where the court is located but a federal statute governs to the extent it applies.").  The Federal Rules have the "force and effect" of a federal statute, *see Alejandre v. Republic of Cuba*, 42 F. Supp. 2d 1317, 1341 (S.D. Fla. 1999), *vacated and remanded on other grounds*, 183 F.3d 1277 (11th Cir. 1999); and, the Federal Rules, in turn, permit the appointment of a special process server to deliver a writ of garnishment like the one at issue here.  *See* Fed. R. Civ. P. 4.1 ("Process – other than a summons under Rule 4 or a subpoena under Rule 45 – must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose.")  Therefore, this Court authorizes any employee or agent of Countrywide Process Server, 12250 SW 132 Ct., Miami, Florida, who is otherwise legally permitted to effectuate service of process under applicable law, to serve the writ of garnishment on the garnishee, Fisher Island Club.  *Cf. Burroughs Corp. v. Carsan Leasing Co.*, 99 F.R.D. 528, 531 (D.N.J. 1983) ("[S]pecial appointments are perfunctorily made by the court").[3]

---

[3] To the extent that Florida law, and not federal law, governs who may serve a writ of garnishment, the undersigned notes that Florida law also permits the appointment of a special process server in circumstances like those presented in the case at bar.  *See* Fla. R. Civ. P. 1.070 ("[T]he court may appoint any competent person not interested in the action to serve the process."); *Sims v. Meredith*, 967 So. 2d 393, 394 (Fla. 1st DCA 2007); *Space Coast Credit Union v. The First, F.A.*, 467 So. 2d 737, 739 (Fla. 5th DCA 1985).

### C. Required Notices

The undersigned notes that Defendant's Application does not address the issue of the notice that is required to be served upon Ms. Francois. Within the later of five business days after the continuing writ of garnishment is issued or three business days after the writ is served on the garnishee, Defendant must deliver to Ms. Francois' last known address: a copy of the writ, the motion for the writ and the statutory notice contained in Fla. Stat. § 77.041(2).

In addition, pursuant to Fla. Stat. § 77.055, Defendant must file a certificate of service certifying that, "[w]ithin 5 days after service of the garnishee's answer," or "after the time for the garnishee's answer has expired," Defendant has delivered to Ms. Francois' last known address "a copy of the garnishee's answer, and a notice advising [her] that . . . she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the . . . motion for writ of garnishment is untrue."

### D. Required Fees

Finally, Florida law and the Local Rules require Defendant to post a statutorily-mandated fee prior to the issuance of a writ of garnishment. Under Florida law, "[b]efore issuance of any writ of garnishment, the party applying for it shall deposit $100 in the registry of the court." Fla Stat. § 77.28. The Local Rules echo this requirement. S.D. Fla. L.R. 67.1.H ("A party applying for the issuance of a writ of garnishment shall deposit the amount prescribed by applicable Florida law in the non-interest bearing registry of the Court."). Based upon a review of the record, it does not appear that Defendant has yet deposited the required fee. Thus, prior to the issuance of the writ of garnishment, Defendant must file a notice with the Court confirming his compliance with Fla. Stat. §

77.28 and S.D. Fla. L.R. 67.1.  It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Application for Issuance of Writ of Garnishment and Appointment of Special Process Server (DE # 96) is **GRANTED** as follows:

1.  Defendant shall file a Notice with this Court certifying that it has complied with any applicable state and federal laws and rules concerning the deposit of fees prior to the issuance of a writ of garnishment, including Fla. Stat. § 77.28 and S.D. Fla. L.R. 67.1.

2.  Upon Defendant's deposit of the required fees into the registry of the Court and the filing of Defendant's Notice of Compliance, the Clerk of the Court shall issue the Continuing Writ of Garnishment Against Salary or Wages as it appears in the attachment hereto.

3.  Countrywide Process Server is specially appointed to serve the Continuing Writ of Garnishment upon the garnishee, Fisher Island Club, consistent with all applicable rules and laws concerning the service of a writ of garnishment upon a garnishee.

4.  Within five business days after the writ is issued or within three business days after the writ is served on the garnishee, whichever is later, Plaintiff shall serve Ms. Francois, at her last known address, a copy of: (i) the continuing writ of garnishment, (ii) the motion for the writ (DE # 96), and (iii) the statutory notice contained in Fla. Stat. § 77.041(2); and

5.  Within five days of service of the garnishee's answer on Defendant or after the time for the garnishee's answer has expired, Defendant shall file a certificate of

service certifying that Defendant served, by mail at Ms. Francois' last known address, a copy of: (i) the garnishee's answer, and (ii) a notice advising Ms. Francois that she must move to dissolve the writ within twenty days after the date indicated on the certificate of service if any allegation in the Defendant's Application for Issuance of Writ of Garnishment is untrue.

**DONE AND ORDERED** in chambers in Miami, Florida on July 8, 2008.

_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

Copies to:

**The Honorable K. Michael Moore,
    United States District Judge
All counsel of record**